**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

PHILLIP A. WALSH and NAOMI
WALSH,

      Plaintiffs,

          v.

AIR AND LIQUID SYSTEMS CORP.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N15C-08-206 ASB

October 27, 2017

*Upon Defendant Air and Liquid System's*
*Motion for Summary Judgment*
**GRANTED**.

Plaintiffs allege that Phillip Walsh ("Mr. Walsh") developed mesothelioma as a result of exposure to asbestos while serving in the United States Navy as a "machinist" from 1975 to 1977. Mr. Walsh performed similar work in engine rooms on both the USS *Halsey* and USS *Bigelow*. Mr. Walsh was responsible for watching gauges and maintaining equipment, and he believes he was exposed to asbestos from replacing packing and flange gaskets. Mr. Walsh testified that some pumps and valves were insulated and he removed and applied insulation to the equipment when making repairs. Mr. Walsh identified Buffalo Pumps as a pump he recalled being in

the engine room on both the ships he worked on. Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps moved for summary judgment.

Defendant argues that under Maritime law the evidence fails to establish that Mr. Walsh was exposed to asbestos from a Buffalo's pumps. First, Defendant avers that Mr. Walsh was the only product identification witness. Defendant states that Mr. Walsh could not differentiate Buffalo pumps from other pumps he recalled working with, and Mr. Walsh did not order replacement parts. Conversely, Plaintiffs argue that they established that Mr. Walsh was exposed to asbestos from Defendant's product. Plaintiffs cite to a portion of Mr. Walsh's deposition when asked about the manufacturer of the replacement packing. Mr. Walsh stated that he "typically got packaging, or whatever, and they would have the names on that." Plaintiffs presented evidence that Buffalo sold asbestos containing pumps from 1955 through 1985, and the ship records demonstrate that Buffalo pumps were present onboard both the *Halsey* and *Bigelow*. Plaintiff cited to contracts between Buffalo and other ships to demonstrate that Buffalo supplied kits for onboard repair of its pumps.

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show that he was exposed to the defendant's product and "the product

was a substantial factor in causing the injury he suffered."[1] When viewing the record in a light most favorable to Plaintiffs and believing that Mr. Walsh worked on Defendant's product, and that the replacement parts contained asbestos, Plaintiffs have not established that the facts support any permissible inference that Mr. Walsh was exposed to asbestos-containing components parts for which Defendant is responsible. There was no testimony from Mr. Walsh that he recalled using replacement parts manufactured by Defendant, and he was the only product identification witness in this case. Plaintiffs attempt to stretch Mr. Walsh's general testimony about the replacement parts as evidence that Mr. Walsh worked with asbestos replacement parts manufactured by Defendant. Because Plaintiffs bear the burden of proof at trial, Defendant is entitled to judgment as a matter of law.[2] Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[1] *Lindstrom v. A–C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir.2005) (citations omitted).

[2] *See Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.).